## Rosenberger v. Rosenberger.

(Decided November 27, 1912.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Divorce and Alimony—Alleged Lewdness of Wife—Evidence.—In an
action for divorce and alimony the judgment granted the divorce
and allowed alimony to the amount of $2,000.00. The husband
appeals, seeking to get rid of the alimony, and the wife cross
appeals, seeking to obtain larger alimony. The husband had
property of from $15,000.00 to $18,000.00. The alleged lewdness
of the wife was not sufficiently proved, but in view of the evidence
her recovery was properly limited to $2,000.00 and the attorney's
fee allowed her was fair.

FRED FORCHT, JR., D. E. O'SULLIVAN and J. L. RICHARDSON
for appellant.

GEORGE CARY TABB for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

Appellant and appellee were husband and wife. In 1910 she sued him for a divorce and alimony, charging that he had beaten and abused her, with the customary accompanying accusations. He answered, denying the allegations of her petition, and by way of counterclaim sought a divorce from her. He charged that she was unchaste. The case was prepared. The Honorable Robert Worth Bingham, then chancellor, entered a decree dismissing her petition and allowing him his divorce upon his counterclaim. Shortly afterward Judge Bingham was succeeded by Judge James Quarles, chancellor. A motion for a new trial was pending and came on to be considered by the latter. Within sixty days he awarded a new trial, and upon the same record as that considered by Judge Bingham, entered a judgment in Mrs. Rosenberger's favor, granting her the divorce, alimony in the sum of $2,000, and an attorney's fee of $150. Rosenberger appeals, seeking to rid himself of any judgment for alimony. Mrs. Rosenberger cross-appeals, seeking to obtain larger alimony and a larger attorney's fee. From this unfortunate state of the record this court has not the benefit of the judgment of the chancellor; for two chancellors, upon the same record, have reached diametrically different conclusions.

The record seems to establish that Rosenberger, on more than one occasion, threw his wife out of the house, blacked her eyes, and otherwise maltreated her. It further seems that he was a drinking man and of a jealous, high-tempered disposition. Standing alone, the testimony against him was sufficient to sustain Judge Quarles' view that she was entitled to a divorce.

To sustain his assault upon his wife's character, Rosenberger introduced two negro women, domestics in assignation houses. Their testimony was contradicted by the keepers of these places. One of these contradicting witnesses said that the leading negro woman witness had told him that there was money in the case for her. Another witness, himself an ex-convict, testified that Rosenberger had offered him money to testify that he had been guilty of improper relations with Mrs. Rosenberger. Nothing can be gotten from this mass of nasty contradictory testimony, given by bawds, assignation house keepers and the ex-convict, that is entitled to respect or credit. It seems that Mr. Rosenberger lived under the same roof alone with his wife before they were married, which occasioned more or less neighborhood gossip and complaint. If it be true that they cohabited in the sexual sense before marriage, Rosenberger, of all the world, can make no complaint of it, since he made the woman his wife. The proprietor of an ice manufacturing company in which Rosenberger was a stockholder, testified that before Mrs. Rosenberger's marriage she had been the kept woman of a married man; but he said that he had this information from the man himself. If that be true, and the woman had, upon marrying, endeavored to lead a decent and cleanly life, the old misconduct should not be charged against her. We agree with Judge Quarles' view that the lewdness of the wife was not sufficiently proven.

Rosenberger had property of perhaps fifteen to eighteen thousand dollars in value. The chancellor allowed the wife $2,000 by way of alimony. Doubtless the chancellor in fixing this sum felt enough of question about the entire purity of the woman, to limit her recovery to this sum. We, at any rate, are satisfied that the chancellor should have adjudged her no more; and likewise, that he probably should not have adjudged her

less. The attorney's fee allowed as part of the costs seems fair.

The judgment is affirmed on the appeal and cross-appeal.